IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GERALD WAYNE FREY,<br><br>Plaintiff,<br><br>vs.<br><br>PUBLIC DEFENDER ROBERT HENRY and UNKNOWN HEAD OF PUBLIC DEFENDERS' OFFICE,<br><br>Defendants. | CV 24-91-M-DWM<br><br>ORDER |

Plaintiff Gerald Wayne Frey, a state pretrial detainee proceeding without counsel, filed a proposed Complaint. (Doc. 2.) The Complaint as drafted fails to state a claim and is not proper for federal intervention. Amendment could not cure the Complaint's flaws. The Complaint is dismissed.

I. STATEMENT OF THE CASE

A.  Parties

Frey is a pretrial detainee held in Missoula County Detention Center. (Doc. 2 at 5.) He names public defender Robert Henry, and the Unknown Head of Public Defenders Office as Defendants. (Doc. 2 at 2.)

B. Allegations

Frey's allegations relate to his criminal prosecution in Missoula County District Court, Montana. (Doc. 2 at 7.) Frey claims to be a pretrial detainee but

1

speaks about his prosecution for driving under the influence in the past tense, so it is not clear if he is currently detained on additional charges. He claims his constitutional right to a fair trial was "violated when Plaintiff's Public Defender, Defendant Henry, promised the Plaintiff he would receive a five year Department of Corrections [commitment,] all suspended." (Doc. 2 at 7.)

Frey, apparently, did not receive the sentence he expected, which he refers to as Henry's "plea offer," and claims his constitutional right of "access to the courts" was violated. (Doc. 2 at 9.) He also claims Henry violated his own ethical obligations by his poor performance. Finally, the head of the Public Defender's Office should have trained Henry better. *Id.*

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Frey is a pretrial detainee proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A

complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

3

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**A. Individual Defendants**

Frey's Complaint fails to state a claim and must be dismissed.

1. Robert Henry

Defendant Henry cannot be sued under § 1983 because his actions as Frey's attorney cannot be considered to be "state action," which is required to state a claim under 42 U.S.C. § 1983. 42 U.S.C. § 1983 provides that:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State […], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[..]

Therefore, a claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted).

A public defender does not act "under color of state law." "[I]t is the function of the public defender to enter "not guilty" pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities." *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981) (concluding public defenders to not act under color of law within the meaning of § 1983). That is, the public defender's work stands in opposition to the forces of the state, in court, and therefore cannot be considered as acting on behalf of the state. Frey fails to state a federal claim for relief against Defendant Henry. Any legal malpractice Frey potentially has against Henry is not sufficient, on its own, to invoke federal jurisdiction.

5

2. Unknown Head of Public Defender's Office

Frey's allegation against this unnamed Defendant is that he or she "failed to properly train staff and stop undertrained staff from harming clients." (Doc. 2 at 4 and 9.) A supervisor may be liable under 42 U.S.C. § 1983 for "his own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011) (internal citations, quotation marks, and alterations omitted).

Frey alleges that the unnamed Defendant failed to train Henry properly, but there are no facts to support this claim. Allegations against supervisors that resemble "bald" and "conclusory" allegations will be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Frey must allege "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Id.* at 942 (citing *Starr*, 652 F.3d at 1206-07). A conclusory allegation that the Unnamed Defendant failed to train Henry because Henry allegedly made an error in one case is insufficient. Frey has not drawn any connection between one alleged error and a supervisor's failure to train. Frey fails to state a plausible supervisory liability claim against the unnamed Defendant. *Iqbal*, 556 U.S. at 679.

## B. Heck Bar

Even if Frey could state a claim against defendants, the claim cannot be heard in federal court. The Court has no authority to invalidate a state court judgment or sentence, due to various considerations of the balance between state and federal courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Heck v. Humphrey*, 512 U.S. 477 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487.

The exact procedural posture of Frey's criminal proceeding is unclear, but, at bottom, he asks this Court to conclude that it was flawed. He asserts that he would not have pled guilty in his criminal proceeding if his counsel had provided better assistance. This request is better heard as a habeas corpus claim, subject to the related requirements, including that those claims must first be brought to state court. Frey's claims as pled are not justiciable under 42 U.S.C. § 1983.

## III. CONCLUSION

The Court has screened Frey's Complaint and determined that it fails to state a claim. Accordingly, IT IS ORDERED that:

1. Frey's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3. The Clerk of Court is directed to note in the docket that this dismissal counts as a strike against Frey within the meaning of 28 U.S.C. 1915(g).

DATED this 19th day of August, 2024.

Donald W. Molloy, District Judge
United States District Court